Reisel v. Winsor.

---

## EDWARD C. REISEL, Respondent, v. WILLIAM' S. WINSOR, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs April 27, 1909. Opinion filed June 22, 1909.**

1. **FRAUD AND DECEIT: Pleading: Sufficiency of Petition.** A petition, which alleges that defendant, for the purpose of selling plaintiff one hundred shares in a corporation and with the intention to deceive and defraud him, did falsely and fraudulently represent to him that said stock was of the market value of $10 per share; that said corporation had a paid up capital stock of $50,000, and that the market value of its assets, which consisted of a large orchard and fruit farm situated in some county in this State, was this amount; that plaintiff, being a resident of the city of St. Louis and relying wholly upon said representations and not knowing anything about the values of orchard or fruit farms purchased from defendant said one hundred shares for $1000; that said stock as defendant well knew, was not then of the market value of $10 per share, but that all the land then owned by the corporation was four hundred acres of land in Carter county, which, together with all other assets, was worth not to exceed $5,000; that all of said statements and representations made by defendant were false, as defendant well knew; and that plaintiff tendered back to defendant the certificates of stock for said shares as soon as he discovered the falsity of said statements, states a cause of action for the recovery of the amount paid for said shares and interest thereon.

2. **PLEADING: Sufficiency of Petition: Presumptions as to Truth of Allegations: Defective Allegations.** In determining whether a petition is sufficient to support the verdict and judgment rendered, every allegation thereof is to be assumed as absolutely true, even though defectively pleaded.

3. **FRAUD AND DECEIT: Pleading: Matter of Opinion.** Allegations, in substance, that defendant did, with intent to defraud plaintiff, falsely and fraudulently assert to plaintiff that stock was worth $10 per share, and that the company had a paid-up capital of $50,000 and assets of the same value, consisting of a large orchard and fruit farm, and that defendant well knew the stock was not of such market value, and that, on the contrary, said company only owned four hundred acres of land, which with its assets was worth $5000, do not charge such representations as mere matters of opinion, but are distinct charges of fraud and deceit.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*W. H. Clopton* for appellant.

(1) Representations as to value will not be considered fraudulent though untrue and known to be so by the party making them. It is considered merely an expression of opinion. Cahn v. Reid, 18 Mo. App. 128; Bullock v. Wooldridge, 42 Mo. App. 362; Gordon v. Butler, 105 U. S. 553; 1 Bigelow on Fraud, 473; Tuck v. Downing, 76 Ill. 81; Endsly v. Johns, 120 Ill. 469; Cornwall v. McFarland, 150 Mo. 377; Anderson v. McPike, 86 Mo. 292; Sieveking v. Litzler, 31 Ind. 13; Ellis v. Andrews, 56 N. Y. 83. A market value is a price established by the public sales or sales in the way of ordinary business. Murray v. Stanton, 99 Mass. 348. Plaintiff had as much opportunity of ascertaining the market value of the stock as defendant had and the doctrine of *caveat emptor* applies with peculiar force. Cahn v. Reid, 18 Mo. App. 128; Miller v. Craig, 36 Ill. 109; Brownlow v. Wollard, 61 Mo. App. 133. (2) As to the alleged representations as to the value of the

stock, the plaintiff and defendant were on an equal footing, and the petition contains no averment of facts which takes this case out of the rule that, when parties are on an equal footing, representations and exaggerations of the value of property will not be considered fraudulent. Cahn v. Reid, 18 Mo. App. 127. (3) The allegations as to realty of the corporation could not have misled plaintiff. There is no averment of fact that is negatived by the petition. Certainly four hundred acres is a large farm even for Missouri and Carter county is a county of Missouri. There is no averment that there were misrepresentations as to the nature, quality, quantity, or title to the land in Carter county some one of which must be alleged and proven to entitle plaintiff to recover. Langdon v. Green, 49 Mo. 363; Brownlee v. Hewitt, 1 Mo. App. 360. (4) The fact that the four hundred acres of land were in Carter county does not bring this case within the rule that where land which is the subject of the purchase is at a distance, and the purchaser relies wholly upon the description as given by the vendor, he can recover. There is no averment that the four hundred acres being part of the assets of the company were in any way short in number, or that the title was defective, or that it was not adapted to fruit growing. Cornwall v. McFarland, 150 Mo. 377; Brownlow v. Wollard, 61 Mo. App. 124. The case of plaintiff as stated in the petition rests solely upon allegations of opinions expressed by defendant as to the value of the stock sold.

*L. Frank Ottofy* for respondent.

(1) The judgment should be affirmed because appellant's abstract of record is not complete, it not containing the reply. Southwick v. Southwick, 99 Mo. App. 156; Campbell v. Greer, 197 Mo. 463; McClellan v. Powell, 197 Mo. 495. (2) False representations as to value, if known to be untrue by the party making them, are fraudulent. Brownlee v. Hewitt, 1 Mo. App. 360;

Cahn v. Reid, 18 Mo. App. 115; Chase v. Rusk, 90 Mo. App. 25; Clinkenbeard v. Weathermore, 157 Mo. 105; Funding v. Heskett, 125 Mo. App. 516; Hines v. Royce, 127 Mo. App. 718. (3) Misrepresentations made by the vendor to the vendee regarding any material fact relating to the property sold amount to fraud, if the vendor knew the statements were false and the parties were not on an equal footing with respect to their opportunity for knowing the facts. Mires v. Sommerville, 85 Mo. App. 183; Bishop v. Seal, 87 Mo. App. 256; Lewis v. Muse, 130 Mo. App. 194; Tinker v. Kier, 195 Mo. 183; Ellis v. Andrews, 56 N. Y. 83; Hubbell v. Meigs, 50 N. Y. 480; Brolaski v. Carr, 127 Mo. App. 279.

REYNOLDS, P. J.—The sole question involved in this case is whether the petition supports the judgment. The case is here on the record proper, no bill of exceptions having been filed, consequently neither the proceedings at the trial nor any exceptions to the action of the court are before us. Various objections are made by respondent to the form of the abstract and as to alleged omissions in it, but they are not tenable. The petition and verdict and judgment are all that are essential to the consideration of the case as presented by counsel. We set out the petition in full as follows:

"Plaintiff states that on or about the 21st day of December, 1903, defendant was in possession and claiming to be the owner of one hundred (100) shares, at the par value of ten dollars ($10) each, of the capital stock of the Homestead Orchard Company, a corporation existing under the laws of the State of Missouri and doing business in the city of St. Louis in said State; and that being desirous of selling said stock to plaintiff he did with intent to deceive and defraud plaintiff, falsely and fraudulently represent to him that the said stock was of the market value of ten dollars ($10) per share, that the company had a paid up capital stock of fifty

thousand dollars ($50,000), that said capital stock was fully paid up and that the assets of said corporation were of the market value of fifty thousand dollars ($50,-000) and that the same consisted of a large orchard and fruit farm situated in some county in said State; and that plaintiff was at said date a resident of the city of St. Louis in said State and, relying solely upon said representations and not knowing anything whatever of the values of orchard or fruit farms, then and there purchased of defendant the said one hundred (100) shares of stock for a total of one thousand dollars ($1,000); that in truth as defendant then well knew, the said stock was not then of the market value of ten dollars ($10.00) per share, but on the contrary said company then owned only four hundred (400) acres of land situated in Carter county in said State, which together with all the assets of said corporation and all of its stock was not of the market value of over five thousand dollars ($5,000) at said time; that since the purchase of said stock the plaintiff has often been assured by said defendant that the same was of great value and that the said corporation was in a flourishing condition and plaintiff having great confidence in the honesty and probity of said defendant continuously until the latter part of the month of September, 1906, when plaintiff first discovered that all of the statements and representations of the defendant were totally false as defendant well knew; that on the third day of October, 1906, plaintiff tendered back to defendant certificate No. seventeen (17) of said Homestead Orchard Company for one hundred (100) shares of the capital stock of said company and demanded of defendant the return of the said sum of one thousand dollars ($1,000) so paid him as aforesaid.

"Wherefore, by reason of the premises, plaintiff again tenders herein the said stock to defendant and prays judgment in the sum of one thousand dollars ($1,000.00) with interest thereon from December 21,

1903, at the rate of six (6) per cent per annum and costs of suit."

There was a verdict and judgment in favor of plaintiff for $1,149. Defendant filed affidavit for appeal, giving bond in the sum of $2,400, paid the docket fee and took sixty days to file bill of exceptions. But as before observed no bill of exceptions appears to have been filed.

The only matter for our determination is the sufficiency of the petition to sustain the judgment, and the latter is in due form. The verdict is in due form and is in favor of plaintiff for the amount sued for in petition. A very elaborate brief and argument have been filed by the learned counsel for the defendant, which summarized, amount to the charge that the petition fails to state a cause of action; that representations as to the value will not be considered fraudulent, though untrue and known to be so by the party making them; they are considered merely an expression of opinion; that when parties are all on an equal footing, representations and exaggerations of the value of property, will not be considered fraudulent, and that there is no allegation in the petition that the four hundred acres were not adapted to fruit growing; no allegation that they were not set out in fruit trees nor that the title thereto was defective. Every allegation in the petition is to be assumed as absolutely true, even if defectively pleaded, when the case is before us solely on that petition, after verdict and judgment. If the petition looked at as a whole substantially states a cause of action the verdict and judgment must stand. Attacking the petition, the counsel for defendant summarizes it in this way: First, the stock was of the market value of $10 per share; second, the company had a paid-up capital stock of $50,000; third, that said capital stock was fully paid up; fourth, that the assets of said corporation were of the market value of $50,000; and fifth, that the same consisted of a large orchard and fruit farm

in some county in said State. Counsel concludes this summary with the question, "Is there anything in either one of these representations which, if untrue, would sustain an action for fraud and deceit? They are mere matters of opinion." We cannot accept this as a correct summary of the petition in the case. The substantive charges in it are that plaintiff, being desirous of selling one hundred shares of the capital stock of the company to plaintiff, "with intent to deceive and defraud plaintiff, falsely and fraudulently represented to him that this said stock was of the market value of $10 per share; that the company had a paid up capital stock of $50,000; that it was fully paid up; that the assets of the corporation were of the market value of $50,000; that they consisted of a large orchard and fruit farm, situated in some county in this State; that the defendant, relying solely upon these representations, and being a resident of St. Louis and not knowing anything whatever of the value of orchard or fruit farms, purchased one hundred shares for $1,000, the defendant then well knowing that the stock was not of the market value of $10; that all the land owned by the company was four hundred acres in Carter county, which together with all the other assets of the corporation and all of its said stock was not of the market value of over $5,000 at that time; that relying on assurances of defendant that the property was of great value and that the corporation was in a flourishing condition and having great confidence in the honesty and probity of defendant, plaintiff continued to make payments on the purchase of the 100 shares until September, 1906, when he first discovered that "all of the statements and representations of defendant were totally false as defendant well knew." These are not charged as mere matters of opinion; they are distinct and specific charges of fraud and deceit. If proven to have been made by defendant to plaintiff and proven to have been false when made, and proven to have been made fraudulently and deceitfully,

and that in reliance on them plaintiff parted with his money, they established the case. We must assume that the evidence did establish them. Hence we are compelled to affirm the judgment in this case and it is so ordered. All concur.